IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PATRICIA McGEE, ) | FILED: JULY 2, 2008 |
| ) | 08CV3791 |
| Plaintiff, ) | JUDGE NORGLE |
| ) | MAGISTRATE JUDGE KEYS |
| v. ) | |
| ) | |
| VILLAGE OF STONE PARK, a municipal ) | PH |
| corporation, and SGT. RON FABIANI, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

Plaintiff, PATRICIA McGEE, by and through her attorney, MARK PARTS of PARTS & SPENCER, LTD., for her Complaint against Defendant VILLAGE OF STONE PARK, a municipal corporation, and individual Defendant SGT. RON FABIANI, alleges as follows:

THE PARTIES

1. PATRICIA McGEE is a resident of Stone Park, Illinois.

2. Defendant VILLAGE OF STONE PARK is a legal entity incorporated under the laws of the State of Illinois.

3. SGT. RON FABIANI is a Stone Park Police Officer, who, at all times pertinent hereto, acted in his capacity as officer and employee of Defendant VILLAGE OF STONE PARK's Police Department and acted under color of law.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 1343(a). This Court has jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367, and §1441. This Court has personal

jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

5. Venue is proper in this District because all the conduct complained of herein occurred in this District.

SPECIFIC ALLEGATIONS COMMON TO ALL COUNTS

6. On July 3, 2007, Plaintiff PATRICIA McGEE was asleep at her home at 1722 N. Mannheim Rd., #25, Stone Park, IL.

7. At that place and time, Defendant SGT. RON FABIANI was outside of Plaintiff PATRICIA McGEE's apartment. Plaintiff awoke because of commotion outside of her window.

8. Defendant SGT. RON FABIANI confronted Plaintiff PATRICIA McGEE and proceeded to physically abuse her. The physical abuse of Plaintiff PATRICIA McGEE included but was not limited to her being beaten on the head and arm with a baton, causing her to have a concussion and to sustain additional physical injuries.

9. At the time that Defendant SGT. RON FABIANI engaged in the physical abuse upon Plaintiff PATRICIA McGEE, there was no justification for said abuse.

10. Plaintiff PATRICIA McGEE was taken to the VILLAGE OF STONE PARK Police Station and was there detained. Plaintiff PATRICIA McGEE was handcuffed by Defendant SGT. RON FABIANI and taken to the Police Station wearing only a sheer nightgown and was denied the opportunity to put on additional clothing before being taken to the Police Station.

11. Defendant SGT. RON FABIANI subsequently charged Plaintiff PATRICIA McGEE with obstructing an officer. Defendant SGT. RON FABIANI knew

that the charges were improper and that there was no basis to detain or charge Plaintiff PATRICIA McGEE.

12. The charge against Plaintiff PATRICIA McGEE of obstructing an officer was stricken at Court and was not reinstated.

13. As a direct and proximate result of the misconduct of Defendant SGT. RON FABIANI, Plaintiff PATRICIA McGEE suffered the loss of liberty and was caused to suffer and continues to suffer physical and mental pain and anguish.

14. The acts, conduct, and behavior of Defendant SGT. RON FABIANI was performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I

(42. U.S.C. § 1983 *Monell* Claim Against Defendant VILLAGE OF STONE PARK)

15. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

16 The actions of the Defendants as alleged above constitute excessive force in violation of the Fourth and Fourteenth Amendments and were done pursuant to one or more policies, practices and/or customs of Defendant VILLAGE OF STONE PARK.

17. As a matter of both policy and practice, the Stone Park Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

18. As a matter of both policy and practice, the Stone Park Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Stone Park Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

19. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Stone Park Police Department use excessive force on citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Stone Park Police Department makes findings of wrongdoing in a disproportionately small number of cases.

20. Defendant VILLAGE OF STONE PARK does not properly investigate police use of excessive force and discipline officers for use of excessive force.

21. Defendant VILLAGE OF STONE PARK deliberately fails to adequately keep hard copies and electronic computer records of misconduct to prevent patterns of misconduct from being established. These actions deliberately further the concealment of police misconduct.

22. When citizens complain to the Stone Park Police Department that they have bean subjected to use of excessive force by Stone Park Police Officers, the Department's policy and practice is to affirmatively discourage those persons from pursuing criminal charges against the offending police officers; the Village's training in that regard is equally deficient. This policy and practice and lack of adequate training encourages Stone Park Police Officers, such as the Defendants in this case, to use excessive force without fear of legal consequences.

23. The aforementioned policies, practices, and customs of failing to supervise, control and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and plaintiffs' injuries.

24. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Stone Park Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

25. Defendant VILLAGE OF STONE PARK and its relevant policymakers have failed to act to remedy the patterns of abuse describe in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

26. The policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

27. The aforementioned policies, practices, and customs individually and together have been maintained and implemented with deliberate indifference by the Village and have encouraged the individual defendant to commit the aforesaid wrongful

acts against Plaintiff, and therefore acted as a direct and proximate cause of constitutional and other legal violations, and plaintiffs' injuries.

WHEREFORE, Plaintiff request that judgment be entered in favor of Plaintiff and against the Defendant VILLAGE OF STONE PARK with Plaintiff being awarded compensatory damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT II

(42 U.S.C. § 1983, Excessive Force Claim)

28.  Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

29.  By all of the above, Defendant SGT. RON FABIANI used and caused to be used unjustified force against Plaintiff PATRICIA McGEE.

30.  The above-described conduct by the individual Defendant against Plaintiff was without cause or justification and violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution,

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant SGT. RON FABIANI awarding compensatory and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT III

(42 U.S.C. § 1983, False Arrest Claim)

31.  Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

32. The actions of Defendant SGT. RON FABIANI caused the false arrest and lodging of false criminal charges against Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant SGT. RON FABIANI, awarding compensatory and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT IV

(Battery)

33. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

34. The above-described harmful, unjustified and offensive contact by Defendant SGT. RON FABIANI constituted battery under the common law of Illinois.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant SGT. RON FABIANI, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT V

(Intentional Infliction of Emotional Distress)

35. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

36. The above conduct of Defendant SGT. RON FABIANI in using excessive force against Plaintiff and denying her the opportunity to obtain decent clothing for transport from her home to the Police Station was intentional and done with disregard for

her safety and rights. Said actions by the individual defendant were extreme, outrageous and caused and continue to cause Plaintiff to suffer pain and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendants SGT. RON FABIANI, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VI

(Malicious Prosecution)

37. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

38. The above conduct of Defendants SGT. RON FABIANI caused the institution of judicial proceedings against plaintiff PATRICIA McGEE which have been terminated in her favor. Said conduct of Defendants SGT. RON FABIANI was without probable cause and with malice and resulted in significant suffering by plaintiff PATRICIA McGEE.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant SGT. RON FABIANI awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VII

(Respondeat Superior)

39. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

40. In committing the acts alleged in the preceding paragraphs, Defendant SGT. RON FABIANI was a member of, and agent of, the Stone Park Police Department acting at all relevant times within the scope of his employment.

41. Defendant VILLAGE OF STONE PARK is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant VILLAGE OF STONE PARK awarding compensatory damages on the state law claims of battery, intentional infliction of emotional distress and malicious prosecution, and that this Court grant such further relief as the Court deems just.

## COUNT VIII

(State Law Indemnification)

42. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

43. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendant SGT. RON FABIANI was an employee of Defendant VILLAGE OF STONE PARK who acted within the scope of his employment in committing the misconduct described herein.

44. Moreover, Plaintiff is a third-party beneficiary of a contract between Defendant VILLAGE OF STONE PARK and the union(s) representing SGT. RON FABIANI, in which contract Defendant VILLAGE OF STONE PARK has obligated itself to pay for all judgments for compensatory damages, attorneys' fees and costs against Defendants SGT. RON FABIANI.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant VILLAGE OF STONE PARK for the amounts of any compensatory damages, attorneys and fees and costs awarded against Defendant SGT. RON FABIANI.

### JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

 /s Mark Parts
Mark Parts
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 1925
Chicago, IL  60602
312-920-0990
mparts@pslegal.net
Illinois Atty. No.:  6203617